UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| RICHARD LEE THOMAS,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Respondent. | No. 5:21-cv-00246-CJC-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

**I.**

**INTRODUCTION**

On February 5, 2021, Petitioner Richard Lee Thomas ("Petitioner") filed a habeas petition pursuant to 28 U.S.C. § 2254, challenging his 2017 conviction in Riverside County Superior Court. Dkt. 1 ("Petition" or "Pet."). The Court has reviewed the Petition consistent with its authority under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") and finds that the Petition suffers from at least four defects. The Court therefore orders Petitioner to show cause why this action should not be dismissed.

## II.
## PETITIONER'S CLAIMS

1. "Ineffective assistance of counsel" for "neglect[ing] to inform [Petitioner] of rights to contest a decision by judge during imposition of sentencing." Pet. at 7 (CM/ECF pagination).

2. "Ineffective assistance of counsel" for "misinform[ing] [Petitioner] of critical details involving [his] rights to contest case, specifically in regards to severity of the nature of said charges." Pet. at 7-8.

3. "Errors of law" occurred when "[e]xpert witness testimony's request to introduce factors corroborating diagnoses of mental health disorder denied. Credibility of expert witness impaired in direct relation to denial of request." Pet. at 8.

4. There was insufficient evidence to support Petitioner's convictions and "in order to sentence accordingly, the court is required to accurately reweigh factual, conclusive material evidential proof beyond a shadow of a doubt." Pet. at 8.

## III.
## DISCUSSION

Pursuant to Rule 4 of the Habeas Rules, the Court must review the Petition and, if it plainly appears from the Petition and any attached exhibits that Petitioner is not entitled to relief, the Court must dismiss the Petition. Here, the Petition appears subject to dismissal for at least four reasons: (1) Petitioner asserts vague, conclusory claims; (2) Petitioner has not exhausted his state court remedies; (3) Petitioner has named the wrong respondent; and (4) Petitioner failed to pay the filing fee.

First, Petitioner has not clearly set forth the grounds upon which he seeks relief. In Grounds One and Two, Petitioner purports to assert claims of ineffective assistance of counsel based on trial counsel's failure to notify him of

his right to contest "a decision by judge during imposition of sentencing" (Ground One) and the severity of the charges (Ground Two). See Pet. at 7-8. However, Petitioner does not provide any basis for contesting either, let alone shown he was prejudiced by the failure of his counsel to so advise him. In Ground Four, Petitioner purports to assert an insufficiency of the evidence claim, but does not explain why the evidence was insufficient. Instead, he argues "in order to sentence accordingly, the court is required to accurately reweigh" evidence. Id. at 8. Again, however, he provides no explanation regarding this contention. Petitioner was tried by a jury (see Pet. at 2); thus, it is unclear whether Petitioner is referring to the jury's guilty verdict or something else. The state habeas petition attached to the Petition does not provide clarification on these grounds for relief.

  Habeas petitions must be "printed, typewritten or legibly handwritten" and signed under penalty of perjury. Habeas Rules, Rule 2(c). Habeas Rules 2(c) and 4 require a statement of all grounds for relief and the facts supporting each ground; the petition should state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim. Habeas Rule 4, Advisory Committee Notes to 1976 Adoption; Mayle v. Felix, 545 U.S. 644, 655 (2005); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (as amended) (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, palpably incredible, or unsupported by a statement of specific facts, are insufficient to warrant relief, and are subject to summary dismissal. See, e.g., Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994). Here, the Petition falls far short of the minimal clarity required to proceed.

  Second, under 28 U.S.C. § 2254(b), federal habeas relief may not be granted unless Petitioner has exhausted the remedies available in state courts or an exception to the exhaustion requirement applies. Exhaustion requires

that the petitioner's claims be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. James, 24 F.3d at 24; Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see also Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). A claim has not been fairly presented to a state court unless the petitioner has described both the operative facts and the federal legal theory on which the claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275-78 (1971); Greenway v. Schriro, 653 F.3d 790, 801 (9th Cir. 2011). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted his available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam).

Here, although Petitioner checked the boxes on the form habeas petition indicating that he has exhausted all four grounds for relief, based on the state court records available electronically as well as Petitioner's answers to other questions on the form habeas petition, it appears that one or more of Petitioner's claims are unexhausted. For Ground Two, Petitioner asserts he raised this ground for relief in a habeas petition to the California Supreme Court, while he claims he raised Grounds Three and Four in a habeas petition and in a petition for review to the state supreme court. Pet. at 8. However, elsewhere in the Petition, Petitioner indicates he did not file any habeas petitions in the state supreme court. See id. at 5. This is confirmed by a review of the state supreme court's online docket, which reflects that Petitioner has not sought habeas relief in the California Supreme Court. See Appellate Courts Case Information at https://appellatecases.courtinfo.ca.gov. Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of these state records available

electronically. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992). Petitioner appears to concede Ground Two is unexhausted as he listed this claim in response to a question on the form habeas petition asking him to identify any grounds for relief that were not previously presented to the California Supreme Court. Pet. at 9. With respect to Grounds Three and Four, as noted, Petitioner claims he also raised these claims in his petition for review. Petitioner did not attach a copy of his petition for review, but he listed the grounds raised in his Petition. Based on this list, only Ground One appears to potentially correspond to one of the five grounds for relief purportedly raised in Petitioner's petition for review. See Pet. at 5. Thus, it appears one or more of Petitioner's claims are unexhausted, rendering the Petition "mixed" and subject to dismissal.

  Third, typically, the proper respondent for a habeas petition is the warden of the facility in which the petitioner is incarcerated. See Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (as amended); see also Habeas Rule 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). The Ninth Circuit has held the failure to name the correct respondent destroys personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended); Stanley, 21 F.3d at 360. Here, Petitioner purports to name the People of the State of California, not the warden of the facility where he is incarcerated.

  Fourth, Petitioner did not pay the $5 filing fee for a federal habeas petition (see 28 U.S.C. § 1914(a)) and did not alternatively file a completed application to proceed without prepayment of the filing fee ("IFP Application") as required by 28 U.S.C. § 1915. The IFP Application filed with the Petition was not signed by the authorized officer at the institution where he

is incarcerated, and did not include a certified copy of Petitioner's prisoner trust account or institutional equivalent for the six months immediately preceding the filing of the Petition as required by statute. 28 U.S.C. § 1915(a)(2). As a result, the IFP Application is incomplete and cannot be granted. <u>The Clerk is directed to send Petitioner a form IFP Application by a person in custody</u>, which Petitioner is required to prepare in full, and obtain any necessary information and certification from staff at the facility where he is incarcerated if he wishes to proceed without prepayment of the filing fee.

## IV.
## CONCLUSION

For the foregoing reasons, the Petition is subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE, in writing, by <u>no later than thirty (30) days from the date of this Order</u>, why this action should not be dismissed under Habeas Rule 4 for the reasons stated above. To the extent Petitioner contends he has exhausted his state court remedies, Petitioner is directed to provide information regarding his efforts to exhaust his claims in the state courts, and attach copies of any documents establishing that his claims are indeed exhausted.

<u>Alternatively</u>, Petitioner may file an amended petition within thirty (30) days of the date of this Order to attempt to cure the above-referenced defects. <u>The Clerk is directed to send Petitioner a blank copy of the Central District habeas petition form for this purpose</u>. The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely, including naming the appropriate respondent. In ¶ 8 of the First Amended Petition, Petitioner should specify separately and concisely each federal constitutional claim that he seeks to raise and answer all of the questions pertaining to each such claim. If Petitioner contends that he exhausted his state remedies, he should list such filings in ¶¶ 4-6 of the habeas

petition form. Petitioner should specify all of the grounds raised in such filings, along with the case number, the date of decision, and the result.

Further, if Petitioner still desires to pursue this action in this Court, he shall either pay the $5 filing fee or prepare, execute, and file a compliant IFP Application using the form supplied by the Clerk, including the required certification from staff at the facility where he is incarcerated.

Petitioner is cautioned that a failure to respond timely in compliance with this Order may result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order. See Fed. R. Civ. P. 41(b).

Dated: February 24, 2021

_____
JOHN D. EARLY
United States Magistrate Judge